ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **CANNALYTICS, LLC**<br>RECURRENTE(S)<br><br><br>V.<br><br><br>**JUNTA REGLAMENTADORA DEL CANNABIS MEDICINAL**<br>RECURRIDA(S) | **TA2025RA00100** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA***<br>procedente de la Junta Reglamentadora del Cannabis Medicinal del Departamento de Salud<br><br>Civil Núm.:<br>**JRCM-2024-009**<br><br>Sobre:<br>Vencimiento de Licencia CM-2018-088 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 20 de noviembre de 2025.

Comparece ante este Tribunal de Apelaciones, **CANNALYTICS, LLC** (**CANNALYTICS**) mediante una *Petición de Revisión de Decisión Administrativa* incoada el 23 de julio de 2025. En su recurso, nos solicita que revisemos la *Resolución Final* decretada el 28 de mayo de 2025 por la **JUNTA REGLAMENTADORA DE CANNABIS MEDICINAL DEL DEPARTAMENTO DE SALUD** (**JUNTA**).[1] Mediante esta decisión administrativa, se acogió y adoptó la recomendación contenida en el *Informe de la Oficial Examinadora* (*Informe*) rendido el 29 de abril de 2025. Dicho *Informe* declaró no ha lugar la *Moción en Solicitud de Revisión de Multa* presentada el 3 de abril de 2024 por

---

[1] Este dictamen administrativo fue notificado y archivado en autos el 29 de mayo de 2025. Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

CANNALYTICS; y ratificó las veinticuatro (24) multas de $20,000.00 cada una, ascendente a la cuantía de $480,000.00.[2]

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 15 de febrero de 2024, la JUNTA dictó y notificó una *Orden de Acción Inmediata* (*OIA*).[3] Dicha *OIA* requería el cese inmediato de toda emisión de *Certificados de Análisis* (*COA*) y pautó audiencia para el 22 de febrero de 2024 ante la *Oficial Examinadora* de la JUNTA. El 21 de febrero de 2024, se emitió *Notificación de Vista Administrativa*.[4] El día siguiente, 22 de febrero de 2024, CANNALYTICS presentó *Moción en Cumplimiento de Orden de Acción Inmediata*.[5] Intimó, entre otras, pautar una inspección de sus facilidades con miras de evaluar la implementación de cualquier labor necesario para atender la *OIA*.

Después, el 1 de marzo de 2024, la JUNTA dictaminó un *Informe de Hallazgos al Requerimiento de Información del 23 de febrero de 2024*.[6] Expresó haber confirmado que CANNALYTICS realiza ajustes manuales para modificar el factor de dilución de la fórmula predeterminada por el software Labsolutions. A los pocos días, 4 de marzo de 2024, CANNALYTICS hizo entrega de un plan de acción correctivo (*Corrective Action Plan*) e incluyó un resumen ejecutivo con las diligencias que había ejecutado para atender los hallazgos notificados en la *OIA*, en particular, lo relacionado a las modificaciones al factor de dilución. El 5 de marzo de 2024, el personal ejecutivo de CANNALYTICS, el personal ejecutivo de Shimadzu, los inspectores de la JUNTA, la señora BRENDA COLÓN BLANCO y el licenciado JOSEAN MANGUAL

---

[2] Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 316- 323.

[3] *Íd.*, págs. 174- 182.

[4] *Íd.*, págs. 183- 184.

[5] Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 185- 218.

[6] *Íd.*, pág. 219.

SANTIAGO, llevaron a cabo una reunión para corroborar lo informado en el *Plan de Acción Correctivo* y verificar su implementación.

El 12 de marzo de 2024, la JUNTA presentó una *Moción Informativa* mediante la cual informó no tener objeción a la suspensión de la *Orden de Acción Inmediata* por haberse subsanado los hallazgos que fundamentaron su emisión y pudieron comprobar la implementación de los mecanismos de seguridad en el software LabSolutions.[7] Y76/fg""""""p-[El 14 de marzo de 2024, CANNALYTICS, por su parte, presentó una *Moción Urgente Allanándose a "Moción Informativa" y en Solicitud de Suspensión de Orden de Acción Inmediata*.[8] En la misma fecha, la JUNTA formuló una *Notificación* declarando ha lugar a la *Moción Informativa* y, en consecuencia, dejó sin efecto la *Orden de Acción Inmediata*.[9]

El 20 de marzo de 2024, la JUNTA prescribió una *Notificación de Infracción* mediante la cual dispuso: "Se constató que veinticuatro (24) Certificados de Análisis han experimentado un cambio en el factor de dilución, lo que provocó un aumento o disminución en el resultado final, esto en violación al Artículo 76: Prueba de Potencia, Inciso A, Artículo 93, Inciso A y B y en virtud del Artículo 123 Inciso 4 del Reglamento 9038, por lo cual se imponen 24 multas de $20,000.00 para un total de $480,000.00 USD (Primera Infracción Grave)".[10]

El 3 de abril de 2024, CANNALYTICS presentó *Moción en Solicitud de Revisión de Multa* procurando la revisión y eventual revocación o modificación de la multa.[11] Más tarde, el 18 de diciembre de 2024, se celebró una audiencia sobre estado de los procedimientos y las partes convinieron

---

[7] Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 220- 221.

[8] *Íd.*, págs. 222- 223.

[9] *Íd.*, pág. 224.

[10] Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 225- 303.

[11] *Íd.*, págs. 304- 312.

que el caso fuese sometido por el expediente administrativo, sin la necesidad de la celebración de una vista evidenciaria en su fondo.[12]

Así las cosas, el 28 de mayo de 2025, la JUNTA promulgó la *Resolución Final* impugnada. En desacuerdo, el 12 de junio de 2025, CANNALYTICS presentó su *Moción de Reconsideración*.[13] Acotó, entre otros asuntos, que las multas impuestas eran excesivas, onerosas, arbitrarias y mayores a las permitidas por ley. Transcurrido el plazo de quince (15) días, sin que la JUNTA actuara, perdió jurisdicción para entender sobre el petitorio de reconsideración.

Inconforme, el 23 de julio de 2025, CANNALYTICS entabló una *Petición de Revisión de Decisión Administrativa* ante este Tribunal de Apelaciones. En la misma, señala el(los) siguiente(s) error(es):

> Erró la JRCM al imponer multa(s) en exceso de la cantidad máxima permitida por Ley.

> Erró la JRCM al imponer un total de 24 multas individuales, en vez de una (1) sola multa, toda vez que se trató de un solo incidente y no de veinticuatro instancias separadas.

El 18 de agosto de 2025, intimamos *Resolución* en la cual, entre otras cosas, concedimos un término de treinta (30) días para presentar su(s) alegato(s) en oposición a la JUNTA. El 17 de septiembre de 2025, la JUNTA presentó su *Oposición a Recurso de Revisión Administrativa*. Posteriormente, el 14 de octubre de 2025, se celebró una vista oral ante este foro apelativo.

Más adelante, el 23 de octubre de 2025, CANNALYTICS presentó *Moción Informando Transacción*. Luego de una prórroga, el pasado 17 de noviembre, CANNALYTICS y la JUNTA presentaron *Moción Conjunta de Desistimiento Voluntaria Con Perjuicio al Honorable Tribunal de Apelaciones*. Las partes afirmaron haber finalizado la negociación, revisión y suscripción del acuerdo confidencial de transacción el cual resuelve de manera definitiva, total y final todas las controversias objeto del presente recurso. Ante ello, desistieron

---

[12] Apéndice de la *Petición de Revisión de Decisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 313- 315.
[13] *Íd.,* págs. 328- 340.

voluntariamente, con perjuicio, de este caso.

- II -

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, en su inciso (A) faculta a la parte promovente de un recurso presentar en cualquier momento un aviso de desistimiento.[14] En conformidad con la Regla 83 (A) del Reglamento del Tribunal de Apelaciones, y en consideración a la *Moción Conjunta de Desistimiento Voluntaria Con Perjuicio al Honorable Tribunal de Apelaciones* presentada el 17 de noviembre de 2025 por **CANNALYTICS** y la **JUNTA**, ***damos por desistida***, con perjuicio, la *Petición de Revisión de Decisión Administrativa* interpuesta el 23 de julio de 2025 por **CANNALYTICS**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] Dicho inciso lee: *"Regla 83 — Desistimiento y desestimación* (A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento". Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115- 116, 215 DPR ____ (2025).